IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEANN LAVIELLE and MICHEAL LAVIELLE, Individually and on behalf of their Minor Children, H.L, A.L., and D.L., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL BERTRAM ACOSTA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIV-16-1002-R |

## ORDER

Defendant, appearing *pro se*, filed a Motion for Dismissal (Doc. No. 5) and a Motion for Order of Dismissal (Doc. No. 8). Plaintiffs responded in opposition to the motions. Having considered the parties' submissions, the Court finds as follows.

In his first Motion for Dismissal (Doc. No. 5), Defendant states:

> I Daniel Acosta motion for dismissal of case 16-1002-r due to the fact the state of Kansas had dismiss charges against me due to the video surveillance showed to Eric witcher Morton county attorney provide beyond a reasonable doubt I was innocent of the charges. The county attorney Eric witcher then concluded that LeAnn lavielle and Michael lavielle had coach their children to make false allegations.
> Then Michael and LeAnn laville continued to make false allegations again and a special prosecutor Jessica akers look at evidence in the case and charges were dismissed. And Morton county law enforcement did an investigation determined the lavielles lied time after time there for I move for a motion of dismissal.

Doc. No. 5. In considering a motion to dismiss the Court accepts the Plaintiffs' well-pleaded allegations as true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Furthermore, the alleged termination of criminal proceedings in Mr. Acosta's favor does

not mandate the dismissal of Plaintiffs' civil claims against him, even though they apparently arise out of the same facts. Assuming he is correct that he was acquitted of the charges, the burden of proof in a civil case is preponderance of the evidence, not the more onerous beyond a reasonable doubt standard that applies in criminal cases. *See e.g. One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972). Accordingly, Defendant's Motion for Dismissal (Doc. No. 5) is hereby DENIED.

As noted above, Defendant filed a second Motion for Dismissal (Doc. No. 5). This motion, however, is contrary to Rule 12(g)(2), which provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Accordingly, to the extent Defendant's second Motion to Dismiss is attempting to argue lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process, he waived his ability to raise such defense by failing to include the same in the initial motion to dismiss.[1] *See* Rule 12(2)-(5). Although Defendant is proceeding *pro se* and his pleadings will be given liberal construction pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he is nevertheless constrained to follow the same the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Accordingly,

---

[1] Defendant's second Motion for Order of Dismissal states, in its entirety:
> I Daniel Bertram Acosta motion this court for AN ORDERE OF DISMISAL WITH PREJUDICE due to the statute of limitations is one year for every alleged complaint by any plaintiffs and the allegations were all in Morton county Kansas and not Oklahoma. Furthermore, the federal court for the district of western Oklahoma has no jurisdiction on cases that were prosecuted and dismiss by the state of Kansas. And found the defendant innocent of any wrong doing.

Doc. No. 8.

to the extent Defendant's motion can be construed as asserting improper venue or lack of personal jurisdiction, the motion is hereby denied.

The only other defense discernible from the motion is a statute of limitations defense. Statute of limitations is an affirmative defense on which the Defendant bears the burden of proof, although it can be raised in a motion to dismiss. *See Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 Fed.Appx. 411, 412–13 (10th Cir. 2013)(holding that defendant could raise the affirmative defense of a statute of limitations bar in a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished")(quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). However, it is not sufficient to merely state that every claim is governed by a one-year limitations period and that the one-year period has expired. Furthermore, as noted by Plaintiffs, three of the Plaintiffs are minors and the statute of limitations period for their claims will not expire until after they reach the applicable age of majority. *See* Okla. Stat. tit. 12 § 96; Kan. Stat. Ann. § 60-515(a), and there is the potential for equitable tolling of the statute of limitations period. Finally, to the extent the Complaint identifies specific dates, those dates fall within one year of the filing of the Complaint and therefore, even if a one-year period were to apply to any of Plaintiffs' claims, such claims would be timely. Accordingly, Defendant's motion is denied on this basis.

For the reasons set forth herein, Defendant's Motions to Dismiss (Doc. Nos. 5 and 9) are hereby DENIED.

IT IS SO ORDERED this 21st day of October, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE