IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEA ANN LAVIELLE and <br> MICHAEL LAVIELLE Individually <br> and on Behalf of their Minor Children, <br> H.L., A.L., and D.L., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL BERTRAM ACOSTA, <br><br> Defendant. | Case No. CIV-16-1002-R |

## ORDER

This matter comes before the Court on the Defendant's Motion for New Trial (Doc. No. 107). Plaintiffs responded in opposition to the motion. (Doc. No. 110). Having considered the parties' submissions, the Court finds as follows.

A motion for new trial under Rule 59(a) may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1)(A).[1] Such motions, which are committed to the discretion of the trial court, are not regarded with favor and are granted only with great caution. *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 722 F. Supp. 2d 1250, 1258 (D. Kan. 2010). They are generally granted only "when the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done." *Feldt v. Kan-Du Const. Corp.*, No. 12-1064-MLB, 2015 WL 1523905, *2 (D. Kan. Apr. 3,

---

[1] Defendant did not specifically cite Rule 59 in support of his motion, nor did he set forth any applicable standard of review. The Court interprets the motion as having been filed under Rule 59 rather than as an alternative motion under Rule 50(b) in light of Defendant's request on the record at trial for entry of judgment notwithstanding the verdict.

2015)(quoting *Wirtz v. Kansas Farm Bureau Svcs., Inc.*, 311 F. Supp. 2d 1997, 1226 (D. Kan 2004).

Defendant raises two challenges to the trial proceedings. He first contends that the Plaintiffs' use of their peremptory challenges to remove male jurors from the panel violated *Batson v. Kentucky*, 476 U.S. 79 (1986). In *Batson*, the Supreme Court held that the Equal Protection Clause forbids exclusion of a potential juror on the basis of race. The Court created a three-part test to determine whether a peremptory strike was impermissible.

> First, the defendant must make a prima facie case of discrimination by presenting evidence supporting an inference that the prosecutor exercised the peremptory challenge to exclude a potential juror on the basis of race. If the defendant makes this showing, the burden shifts to the prosecution to provide a race-neutral justification for the strike. If the prosecution does so, the curt must determine whether purposeful discrimination occurred.

*Washington v. Roberts*, 846 F.3d 1283, 1287 (10th Cir. 2017). *Batson* was extended to civil cases, *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 616 (1991) and to gender-based peremptory challenges in *J.E.B. v. Alabama*, 511 U.S. 127 (1994).

Defendant did not raise this issue during jury selection or trial, but contends that he has made a prima facie case at this juncture because Plaintiffs' counsel eliminated all of the male jurors. Defendant, however, is incorrect in his assertion that Plaintiffs utilized all three of their peremptory challenges to exclude male jurors. Defendant utilized one of his peremptory challenges to exclude a male potential juror, Mr. Raines. Plaintiffs utilized two challenges for male jurors and one for a female juror.[2] Accordingly, the Court finds that

---

[2] Defendant argues:
> The case law provided supports Mr. Acosta's contention that the three male jurors were removed with a discriminatory intent. There is no other basis, other than gender, why Mark Spencer used his peremptory challenges against the only male jurors. In fact at the time peremptory challenges were

2

Defendant has failed to make a prima facie showing of discrimination by Plaintiffs. Moreover, Defendant waived his right to raise the *Batson* issue by failing to make an objection prior to the jury being sworn.

> Practically speaking, a *Batson* challenge is best handled at the time when the judge and the attorney's conduct are at issue, especially in a case like this one where defense counsel asserts that evidence of pretext came to light after the striker defends against the *Batson* challenge but before the jury is empaneled. *See United States v. Hendrix*, 509 F.3d 362, 371 (7th Cir.2007) (finding no error when defendant fails to "cast doubt" on the government's reasons "during voir dire"). . . [T]o preserve a *Batson* challenge, the best course of action is to address each of the government's reasons at the time they were offered or when additional information is developed during voir dire.

*United States v. Vann*, 776 F.3d 746, 756 (10th Cir. 2015). Although the Tenth Circuit in *Vann* found no need to consider whether the defendant waived his right to a *Batson* challenge by raising the issue in a perfunctory manner and then re-asserting the same post-trial, in the instant case, Defendant made no challenge during jury selection. This failure deprived Plaintiffs of the ability to offer a contemporaneous explanation for their decisions to strike Mr. Fleming and Mr. Corless and deprived the Court of its ability to engage in any contemporaneous fact finding. The undersigned concludes that under these conditions, Defendant has waived the right to assert a challenge to Plaintiffs' peremptory challenges. *See Morning v. Zapata Protein (USA), Inc.,* 128 F.3d 213, 216 (4th Cir. 1997) (noting that a *Batson* challenge must be exercised in a timely manner, and failure to raise a *Batson*

---

taken by the Court, Mr. Spencer had only prepared to strike one potential juror. Upon being advised that he was required to strike three potential jurors, Mr. Spencer disregarded his notes and simply turned to look at the jury. Thereafter, his two following peremptory challenges were against the two remaining potential male jurors.
Doc. No. 107, p. 4.

challenge prior to the venire being excused constitutes a waiver of the challenge). Accordingly, Defendant's motion for new trial is denied with regard to his *Batson* claim.

Defendant next argues that non-economic and punitive damages are improper under Kansas law. Non-economic damages are actual damages, contrary to Defendant's argument; thus, if Plaintiffs proved they were entitled to recover on their outrage claim, non-economic damages, such as mental pain and suffering, are appropriate. And because non-economic damages are actual damages, punitive damages would not be foreclosed. Defendant also contends actual damages were not properly supported by the evidence.

"As a general rule, motions for a new trial should be granted when the trial court is firmly convinced that the jury has reached a plainly erroneous result or the verdict is a miscarriage of justice." 9 Moore's Federal Practice ¶ 50.06[6][a], at 50–37 (3d ed. 2016). The moving party carries the "heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence." *Blanke v. Alexander*, 152 F.3d 1224, 1236 (10th Cir. 1998) (quoting *Campbell v. Bartlett*, 975 F.2d 1569, 1577 (10th Cir. 1992) (internal quotation marks omitted). Indeed, the award of damages can be supported by any competent evidence tending to sustain it. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1076 (10th Cir. 2002) (citations omitted). In keeping with this standard, the evidence is construed in the light most favorable to the Plaintiffs, as the prevailing parties. *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1062 (10th Cir. 2016).

The tort of outrage under Kansas law provides for liability by a person who, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional

distress to another. D*awson v. Associates Financial Services Co.*, 529 P.2d 104 (Kan. 1974). Proof of four elements is required to establish the cause of action: (1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe. *Bolden v. PRC Inc.*, 43 F.3d 545, 553 (10th Cir. 1994)(construing Kansas law). The Court disagrees with Defendant's contention that he is entitled to a new trial because the evidence was insufficient to sustain Plaintiffs' burden. There was substantial testimony that Plaintiffs endured years of mental torment by Defendant, who continued to harass them despite the presence of protective orders issued by the state court. He made repeated calls to child welfare to lodge complaints about the Lavielle parents, none of which officials ever substantiated as true. When the state courts in Kansas chose not to enforce their protective orders, the family relocated to Oklahoma, although Defendant continued his attempts at harassment thereafter. In short, the individual members of the Lavielle family were subjected to Defendant's concerted effort to repeatedly disrupt their lives, and they testified as to the emotional distress they suffered, which the Court finds was extreme and outrageous. Furthermore, Michael Lavielle and his wife testified to the economic consequences of Defendant's actions. Construing the evidence in the light most favorable to the Plaintiffs, Defendant fails to meet his heavy burden of establishing that the verdict should not stand. The Court accordingly denies Defendant's Motion for New Trial.

**IT IS SO ORDERED** this 20th day of February 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE